UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKE AVILA, TRUSTEE AND BRICKLAYERS OF INDIANA RETIREMENT FUND AND BRICKLAYERS OF INDIANA HEALTH AND WELFARE FUND, <br><br> *Plaintiffs*, <br><br> vs. <br><br> BRONGER MASONRY, INC., and MASONRY SERVICES, INC., <br><br> *Defendants*. | No. 1:14-cv-913-JMS-DKL |

## **ORDER DENYING MOTION TO DISMISS**

Presently pending before the Court is a Motion to Dismiss filed by Defendant Bronger Masonry, Inc. ("Bronger"). [Filing No. 10.] The parties dispute whether Bronger's motion should be treated as a motion to dismiss or as a motion for summary judgment. For reasons explained in more detail below, the Court treats it as a motion to dismiss and **DENIES** it pursuant to the applicable standard of review. [Filing No. 10.]

### A.  Nature of Pending Motion

On June 4, 2014, Plaintiffs Mike Avila, Trustee, and Bricklayers of Indiana Retirement Fund and Bricklayers of Indiana Health and Welfare Fund (collectively, "Plaintiffs") filed a Complaint against Bronger and Defendant Masonry Services, Inc. ("Masonry") (collectively, "Defendants"), alleging that they violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq*. [Filing No. 1.] In relevant part, Plaintiffs allege that Bronger entered into a Memorandum of Agreement (the "Agreement") with the International

1

Union of Bricklayers & Allied Craftsman Local 4 of IN & KY (the "Union") in 2002. [Filing No. 1 at 1-2.] Plaintiffs attach a copy of the Agreement to the Complaint. [Filing No. 1-1.] Plaintiffs assert that pursuant to successive collective bargaining agreements, Bronger is required to pay specified wages and make periodic contributions to certain funds on behalf of certain employees. [Filing No. 1 at 2.]

Plaintiffs further assert that Bronger is liable for unpaid benefits for employees on Masonry's payroll because "Masonry is the successor and/or alter ego to Bronger . . . ." [Filing No. 1 at 2.] Specifically, Plaintiffs allege that Bronger's employees, owners, or agents control or controlled the labor relations policy making of both companies; the companies are interrelated and share common employees, equipment, materials, and jobs; the companies share common management; and the companies share common ownership. [Filing No. 1 at 2-3.] Plaintiffs assert that "Masonry was incorporated to evade the Bronger collective bargaining agreement with [the Union]." [Filing No. 1 at 3.]

On June 25, 2014, Bronger filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Filing No. 10.] Bronger argues that "[n]ot a single allegation by the Plaintiffs against Bronger has any support in fact." [Filing No. 10 at 2.] Bronger criticizes Plaintiffs for "fail[ing] to present any basis for [their] claim" and attaches affidavits from the owners of Bronger and Masonry including evidence that they contend "establish[es] that none of Plaintiffs' allegations are factually accurate." [Filing No. 10 at 1-2 (referencing Filing No. 11 (affidavit of Dwayne Bronger with attachments); Filing No. 12 (affidavit of Showne McKinney with attachments).]

In response, Plaintiffs ask the Court to deny Bronger's motion because Bronger's motion relies on extrinsic evidence outside the Complaint that Plaintiffs argue is inappropriate to

2

consider with a motion to dismiss. [Filing No. 13 at 2-4.] Plaintiffs contend that they have pled sufficient facts regarding the alleged alter ego status of Bronger and Masonry and emphasize that their allegations must be accepted as true at this stage of the proceedings. [Filing No. 13 at 2-3.]

In reply, Bronger cites Federal Rule of Civil Procedure 12(d), which provides that if "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." [Filing No. 15 at 1.] Bronger argues that because Plaintiffs allegedly did not ask the Court to exclude the extrinsic evidence that Bronger presented, Bronger's motion must be treated as one for summary judgment. [Filing No. 15 at 1.] Bronger emphasizes that Plaintiffs did not specifically request that the Court defer ruling on Bronger's motion pursuant to Rule 56(d) so that Plaintiffs could conduct additional discovery. [Filing No. 15 at 2.] Instead, Bronger contends that the sworn testimony it attached to its motion serves as "expedited discovery on the very issues Plaintiffs have alleged" and that the Plaintiffs "have not presented any sworn testimony or admissible evidence to establish their claims as required by Trial Rule 56." [Filing No. 15 at 2-3.]

The Seventh Circuit Court of Appeals has emphasized that a motion to dismiss is not converted to a motion for summary judgment until the district court "actually considers additional documents." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001) ("Our point is not that a motion styled as one to dismiss *is* a motion for summary judgment at the instant of its filing just because the movant attaches extra documents. It is, rather, that once the district court *actually considers* additional documents, the motion must be treated as one for summary judgment, with multiple procedural consequences[, including] the opportunity for discovery.") (original emphases). This is consistent with the text of Rule 12(d), which provides that a motion to dismiss must be treated as one for summary judgment "*if* . . . matters

3

outside the pleadings are presented to *and not excluded by the court* . . . . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." (Emphases added.)

The Court has discretion regarding whether to convert a motion to dismiss to a summary judgment motion. *See, e.g.*, [Hecker v. Deere & Co., 556 F.3d 575, 583 (7th Cir. 2009)](#) ("[T]he district court acted within its discretion when it chose not to convert the defendants' motion under Rule 12(b)(6) to a motion for summary judgment."). There is an exception for which the Court can consider materials attached to a motion to dismiss without converting it to a summary judgment motion, but it is reserved for "concededly authentic document[s] central to the plaintiff's claim," such as the contract in a breach of contract case. [Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002)](#). It is not appropriate for a defendant to submit a document in support of a motion to dismiss that would "require[] discovery to authenticate or disambiguate." [Id. at 739](#).

In this case, the Court exercises its discretion to exclude the evidence that Bronger submitted with its motion to dismiss. [[Filing No. 11](#) (with attachments); [Filing No. 12](#) (with attachments).] The representations in the affidavits and attached documents at issue require discovery to authenticate or disambiguate and are not the type of "concededly authentic document[s]" that the Court can consider without converting Bronger's motion to dismiss into a motion for summary judgment. While Bronger argues that its evidence provided Plaintiffs with "expedited discovery on the very issues Plaintiffs have alleged," it is up to Plaintiffs—not Bronger—to define the scope of the discovery that Plaintiffs believe will be necessary to prove their claims. The Court also rejects Bronger's argument that "Plaintiffs have failed to preserve any right to discovery" by not filing an affidavit pursuant to Rule 56(d). [[Filing No. 15 at 3](#).] Because the Court is excluding the evidence that Bronger filed with its motion to dismiss,

4

Bronger's motion has not converted to a summary judgment motion and Rule 56(d) is not applicable at this time.[1]

For these reasons, the Court excludes that affidavits and evidence that Bronger filed with its motion, [Filing No. 11 (with attachments); Filing No. 12 (with attachments)], and will not consider that evidence when ruling on the merits of Bronger's motion to dismiss.

### B. Standard of Review for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. See Active Disposal, Inc. v. City of Darien, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. See McCauley v. City of Chicago, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." Munson v. Gaetz, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility

---

[1] For the same reason, the Court finds the non-binding case law Bronger cites to be inapplicable to these circumstances. [Filing No. 15 at 2 (citing Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999) ("'If a party opposing a summary judgment motion does not seek shelter under Rule 56(d) or otherwise ask for a continuance, a District Court generally does not abuse its discretion in granting summary judgment.'").]

determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### C. Merits of Motion to Dismiss

The focus of Bronger's motion to dismiss is its contention that "[n]ot a single allegation by the Plaintiffs against Bronger has any support in fact." [Filing No. 10 at 2.] Bronger fails to acknowledge, however, that for purposes of ruling on its motion to dismiss, the Court must accept all well-pled allegations as true and draw all permissible inferences in favor of the Plaintiffs. *Active Disposal, Inc.*, 635 F.3d at 886. Bronger does not contend that it does not have fair notice of Plaintiffs' claims or even that those claims fail as a matter of law. Instead, Bronger argues that the 2002 Agreement that Plaintiffs attached to their Complaint fails to establish that "a current relationship exists with Bronger." [Filing No. 10 at 1.] But for purposes of ruling on Bronger's motion to dismiss, the Court must accept as true Plaintiffs' allegation that a relationship with Bronger exists because of successive collective bargaining agreements. [Filing No. 1 at 2.]

Bronger's remaining arguments fail for the same reason. Bronger attacks the factual accuracy of Plaintiffs' allegations that Masonry is an alter ego of Bronger. [Filing No. 10 at 1-2 (arguing, among other things, that Bronger did not create Masonry, that no employees are shared by the two companies, that no management is shared by the two companies, etc.).] But the Court must accept Plaintiffs' well-pled factual allegations as true for purposes of ruling on Bronger's motion to dismiss. Bronger's arguments regarding its dispute with Plaintiffs' factual allegations would be more appropriate for Bronger to present in a motion for summary judgment, with Bronger's evidence that the Court excluded, after the parties have engaged in discovery. For these reasons, the Court denies Bronger's Motion to Dismiss. [Filing No. 10.]

**D. Conclusion**

For the reasons stated herein, Defendant Bronger's Motion to Dismiss, [Filing No. 10], is **DENIED**. Bronger and Masonry should file responsive pleadings to Plaintiffs' Complaint as contemplated by the Federal Rules of Civil Procedure.

**Distribution via CM/ECF to Counsel of Record**